**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Malik Shabazz (#2014-0609001), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15 C 5694 |
| v. | ) | |
| | ) | Judge Amy J. St. Eve |
| | ) | |
| Tom Dart, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

    Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $22.72 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court is directed to electronically send a copy of this order to the Supervisor of the Inmate Trust Fund Accounts at the Cook County Jail. The Court further directs the Clerk of Court to: (1) file Plaintiff's complaint [1], (2) issue summons for service on Defendant C/O Cusack by the U.S. Marshal, (3) send Plaintiff one (1) blank USM-285 service form, a magistrate judge consent form, filing instructions, and a copy of this order, and (4) terminate as Defendants Sheriff Tom Dart and "Jones, Superintendent of Cermak" from the docket. The Court advises Plaintiff that a completed USM-285 form is required for each named Defendant. The U.S. Marshal will not attempt service on a Defendant unless and until the required forms are received. The U.S. Marshal is appointed to serve the Defendant. Plaintiff's motion for attorney representation [4] is denied without prejudice to renewal later in this case.

**STATEMENT**

    Plaintiff Malik Shabazz, an inmate confined at Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff, who is apparently wheel-chair bound, alleges that he was injured during an incident that occurred on October 13, 2014 when he was pushed by C/O Cusack and fell out of his wheelchair. Plaintiff alleges that, after falling out of his chair, he remained on the floor of his cell for approximately thirty minutes before a prison official came to his aid. Currently before the Court are Plaintiff's application to proceed *in forma pauperis*, his complaint for initial review under 28 U.S.C. § 1915A, and his motion for attorney representation.

    Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $22.72 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and

the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable federal cause of action for excessive force against C/O Cusack. *See Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (the cruel and unusual punishment clause of the Eighth Amendment (or the Fourteenth Amendment, as is applicable here because Plaintiff was a pretrial detainee at the time of the incident alleged in his complaint) prohibits the unnecessary and wanton infliction of pain on prisoners). The Court finds that Plaintiff's allegations also state a colorable federal cause of action for deliberate indifference to his medical needs against C/O Cusack. *See Townsend v. Cooper*, 759 F.3d 678, 689 (7th Cir. 2014) (to establish a claim of deliberate indifference, an inmate must allege facts showing that 1) he suffered from an objectively serious medical condition, and 2) a corrections official acted with deliberate indifference to that condition). Nothing in this order, which is based on a preliminary review of the complaint, precludes any legal argument that Defendant may advance in response to Plaintiff's allegations.

Plaintiff, who is apparently wheelchair-bound on account of being paralyzed on the left side of his body, alleges that, on October 13, 2014, he asked C/O Cusack to open his cell door so that he could get his water jug. C/O Cusack became angry with Plaintiff, told another officer to open Plaintiff's cell door, and indicated that Plaintiff "was going in with use of force." C/O Cusack pushed Plaintiff's wheelchair "very hard," which caused Plaintiff to flip over and onto the floor. Plaintiff hit his head and shoulder. C/O Cusack then dragged Plaintiff by his paralyzed leg about fifteen feet into his cell and left him on the floor. Plaintiff was unable to move, and remained on the floor yelling for help for approximately thirty minutes. In the course of being knocked to the floor, Plaintiff's pants were pulled down, exposing his genital region. Eventually, a prison official came to Plaintiff's aid. At that time, Plaintiff complained of head, neck, and shoulder pain. Plaintiff was put on a stretcher and taken to urgent care at Cermak, and, from there, to Stroger Hospital for medical care.

Plaintiff also names Sheriff Tom Dart and "Jones, Superintendent of Cermak" as Defendants in this action. He has failed, however, to set forth any allegations against either individual in the body of his complaint. As such, the Court dismisses them as Defendants in this action, and the Clerk is instructed to terminate them from the docket.

The Court directs the Clerk of Court to issue summons for service of the complaint on Defendant C/O Cusack. The Clerk of Court is directed to mail Plaintiff one (1) blank USM-285 (U.S. Marshals service) forms. The Court advises Plaintiff that a completed USM-285 form is required for each named Defendant. The U.S. Marshal will not attempt service on a Defendant unless and until the required form is received. Plaintiff must therefore complete and return a service form for each Defendant, and failure to do so may result in the dismissal of the unserved Defendant, as well as dismissal of this case for lack of prosecution.

The U.S. Marshals Service is appointed to serve Defendant C/O Cusack. The Court directs the U.S. Marshal to make all reasonable efforts to serve Defendant. With respect to any former employee of the Cook County Jail who can no longer be found at the work address provided by Plaintiff, Cook County Jail officials must furnish the U.S. Marshal with the Defendant's last-known address. The U.S. Marshal will use the information only for purposes of effectuating service or to show proof of service and any documentation of the address shall be retained only by the U.S. Marshal. Address information will not be maintained in the Court file nor disclosed by the U.S. Marshal, except as necessary to serve Defendant. The U.S. Marshal is authorized to send a request for waiver of service to Defendant in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of the Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any document he files in this Court to Defendant or to defense counsel if an attorney has entered an appearance on behalf of Defendant. Every document submitted by Plaintiff must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions

may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion seeking attorney representation is denied at this time. Although "[t]here is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In making the decision whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on his own behalf or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). This analysis does not focus solely on the plaintiff's ability to try the case, but on his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Factors to be considered include: (1) the stage of litigation, *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (holding that it is difficult to make an accurate determination regarding a plaintiff's ability to litigate the matter when case is still in "its infancy"); (2) plaintiff's submissions and pleadings, *Olson*, 750 F.3d at 712 (well-written pleadings and appearance that plaintiff can follow instructions indicate that counsel is not needed); (3) medical and mental health issues, *Olson*, 750 F.3d at 712; (4) transfer to a different facility, *Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013) (transfer to a different facility may impede plaintiff's ability to obtain evidence including affidavits/declarations from others to support his/her claim); (5) plaintiff's capabilities, including intelligence (IQ), literacy, degree of education, communication skills, and litigation experience, *Pruitt*, 503 F.3d at 655; *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (recruitment of counsel required for a blind inmate with a tenth-grade education); *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014) (enlistment of counsel was necessary for a functionally illiterate inmate); and (6) complexity of the case, *Dewitt*, 760 F.3d at 658; *Henderson*, 755 F.3d at 566; *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010); *Pruitt*, 503F.3d at 655-56.

After considering the above factors, the Court concludes that solicitation of counsel for Plaintiff is not currently warranted. Plaintiff asserts that he has contacted two attorneys seeking representation, but has been unable to find an attorney because "nobody ever follows up on contacting [him] in filing [a] civil suit. And [he] [has] no other contacts." While Plaintiff has demonstrated that he has made a reasonable attempt to obtain counsel, he appears competent to litigate this case at this particular point. Plaintiff has filed an articulate complaint, set forth cognizable claims, and named an appropriate Defendant. By way of this order, the Court is permitting him to proceed with a claim of excessive force and a claim of deliberate indifference. Aside from apparently being wheelchair bound (which Plaintiff does not allege prevents his ability

4

to litigate this case), he sets forth no other reason as to why he cannot pursue this lawsuit on his own behalf. Accordingly, the Court denies Plaintiff's motion for attorney representation without prejudice.

**Dated: July 22, 2015**

_____
**AMY J. ST. EVE**
**United States District Court Judge**