UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Malik Shabazz, | ) | |
| | ) | |
| Plaintiff, | ) | 15 C 5694 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Amy J. St. Eve |
| Tom Dart of CCDOC, | ) | |
| Superintendent Jones of Cermak, | ) | Magistrate Judge |
| Officer Cusack of CCDOC, | ) | Sheila M. Finnegan |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Officer Cusack of CCDOC, by his attorney, ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Megan K. McGrath, Assistant State's Attorney, submits this Answer, Affirmative Defenses, and Jury Demand to Plaintiff's Complaint:

### STATEMENT OF CLAIM

1. On 10/13/14 at Cook County Jail in Division 8 Cermak on unit 3-North at or around 6:20 p.m. in the dayroom area, I, Malik Shabazz was asking C/O Cusack to open my room door so that I could get my water jug and C/O Cusack said "if I open your door, you go in"

**ANSWER**: Defendant Officer Cusack denies that Plaintiff asked him to open his room door for the purpose of getting his water jug and making the statement alleged in this paragraph. Defendant Officer Cusack lacks knowledge and information sufficient to admit or deny the remaining allegations contained in this paragraph.

1

2. I then said that this wasn't a part of the rules and that I was being singled out because everybody else door was unlocked. Then this C/O Cusack became angry and told the other officer (name unknown) to open my door and said I was going in with use of force.

**ANSWER**: Defendant Officer Cusack denies the allegations contained in this paragraph.

3. C/O Cusack then began to push my wheelchair very a hard forcing me to flip over on to the floor hitting my head and shoulder. C/O Cusack then started to drag me room and then left me paralyzed on the floor, unable to move because of my condition of being paralyzed on left side of my body (spinal cord injury; brown cercude).

**ANSWER**: Defendant Officer Cusack admits Plaintiff fell from his wheelchair after he was allowed to return to his cell by his own power during the evening October 13, 2014. Defendant Officer Cusack further admits Plaintiff is paralyzed on the left side of his body, but Defendant Officer Cusack lacks knowledge and information sufficient to admit or deny the extent or cause of Plaintiff's paralysis. Defendant Officer Cusack denies all of the remaining allegations contained in this paragraph.

4. I laid on the floor yelling for help for about 30 mins,

**ANSWER**: Defendant Officer Cusack admits Plaintiff was yelling while in his cell during the evening of October 13, 2014, and some of that yelling was for help. Defendant Officer Cusack lacks knowledge and information sufficient to admit or deny the remaining allegations contained in this paragraph.

5. Finally, PCA "O" came and asked what happen to me and I told him that C/O Cusack knocked me out of my wheelchair and dragged me on the floor. "O" also noticed my pants were pulled down some, exposing my genital area, so he helped pull them up.

**ANSWER**: Defendant Officer Cusack admits that a member of the unit's medical team, specifically an LPN whose last name begins with the letter O, entered Plaintiff's cell at Officer Cusack's direction to respond to Plaintiff. Officer Cusack lacks knowledge and information sufficient to admit or deny the allegations contained in this paragraph.

6. I complained of head, neck and shoulder pain in tears and didn't want anyone to touch me. So a stretcher was brought and I was put on the stretcher and taken downstairs to Urgent Care (Cermak) I waited several hours to see the doctor but when I did, it was determined that I needed to go to the outside hospital.

**ANSWER**: Defendant Officer Cusack admits that Plaintiff was taken, at his own request, to Urgent Care during the evening of October 13, 2014. Defendant Officer Cusack lacks knowledge and information sufficient to admit or deny the remaining allegations contained in this paragraph.

7. Around midnight I was taken to Stroger hospital with severe neck pain. At Stroger, several x-rays were taken and a "cat-scan" wad done.

**ANSWER**: Defendant Officer Cusack lacks knowledge and information sufficient to admit or deny the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

Defendant Officer Cusack offers the following affirmative defenses to Plaintiffs' allegations:

1. Defendant Officer Cusack's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, he is entitled to the defense of Qualified Immunity.

2. Defendant Officer Cusack did not possess knowledge of a specific risk of imminent harm to Plaintiff or a substantial risk of imminent harm to Plaintiff, and thus did not act with deliberate indifference to Plaintiff's well-being.

3. To the extent it is revealed that Plaintiff failed to take reasonable measures to mitigate his alleged injuries and damages, those facts shall be presented to preclude recovery for Plaintiff.

4. To the extent Plaintiff, through his own negligence or intentional acts, caused or contributed to his own perceived injury, Defendant Officer Cusack is entitled to a reduction of any damages recovered by Plaintiff to the extent of Plaintiff's own contributory fault through negligence, and intentional and/or willful and wanton conduct. If, however, said contributory negligence and intentional and/or willful and wanton conduct is in excess of fifty percent, then judgment shall be in favor of Defendant Officer Cusack.

5. Plaintiff was at all relevant times and the date of filing, a prisoner. The Prison Litigation Reform Act provides that "no action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages. Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform

Act, 42 U.S.C. § 1997(e)(a). See *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004), therefore his claims are barred.

6. Defendant Officer Cusack reserves the right to name affirmative defenses as they become known through further discovery or otherwise in this action.

**JURY DEMAND**

Defendant Officer Cusack respectfully requests a trial by jury.

WHEREFORE, based on the foregoing, Defendant Officer Cusack denies Plaintiff is entitled to any relief, including but not limited to damages, costs, or attorneys' fees. Defendant Officer Cusack prays that this Honorable Court grant judgment in his favor and against Plaintiff on all aspects of his Complaint and further request that this Honorable Court grant judgment of Defendant Officer Cusack's fees, costs and such other relief that this Court deems just and appropriate.

        Respectfully Submitted,
        ANITA ALVAREZ
        State's Attorney of Cook County

By:   /s/ *Megan K. McGrath*
       Megan K. McGrath
       Assistant State's Attorney
       500 Richard J. Daley Center
       Chicago, IL 60602
       (312) 603-5967