IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALIK SHABAZZ,<br><br>    *Plaintiff*,<br><br>v.<br><br>SEAN CUSACK, JEFFREY BRYANT, and MARK MARELLA, in their individual capacities, SHERIFF TOM DART, in his official capacity, and COOK COUNTY,<br><br>    *Defendants*. | Case No.: 1:15-cv-5694<br><br>Honorable Amy J. St. Eve<br><br>Magistrate Judge Sheila Finnegan<br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Malik Shabazz ("Plaintiff"), a wheelchair-bound pretrial detainee at Cook County Department of Corrections ("CCDOC"), brings this civil rights action against CCDOC Officers Sean Cusack ("Officer Cusack"), Jeffrey Bryant ("Officer Bryant"), and Mark Marella ("Officer Marella"), as well as Sheriff Tom Dart ("Sheriff Dart") and Cook County (collectively, "Defendants"). Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences, and as to all other matters, upon information and belief:

### NATURE OF THE ACTION

1. This is a civil action under 42 U.S.C. § 1983 seeking damages and injunctive relief against Defendants for committing acts under color of state law during Plaintiff's confinement at CCDOC that violated Plaintiff's constitutional rights under the Fourteenth Amendment.

### PARTIES

2. Plaintiff, a pretrial detainee currently residing within CCDOC, is a natural person

1

and citizen of the State of Illinois.

3. Officer Cusack is employed as a corrections officer at CCDOC, and at all times relevant, was acting under color of state law. He is being sued in his individual capacity.

4. Officer Bryant is employed as a corrections officer at CCDOC, and at all times relevant was acting under color of state law. He is being sued in his individual capacity.

5. Officer Marella is employed as a corrections officer at CCDOC, and at all times relevant was acting under color of state law. He is being sued in his individual capacity.

6. Sheriff Dart is the Sheriff of Cook County and is sued in his official capacity. Sheriff Dart oversees the operations of CCDOC, including those relating to correctional officers' interactions with inmates, and has final policymaking authority over CCDOC.

7. Cook County is a municipal corporation, duly incorporated under the laws of the State of Illinois.

## JURISDICTION AND VENUE

8. Because this action arises under the United States Constitution and 42 U.S.C. 1983, this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state-law claim for indemnification pursuant to 28 U.S.C. § 1367 because it is so related to the claims within the Court's original jurisdiction that it forms part of the same case or controversy.

9. This Court has personal jurisdiction over Defendants because they are employed and work in Illinois, or are residents of Illinois, and the wrongful actions complained of herein occurred in Illinois.

10. This Court is an appropriate venue pursuant to 28 U.S.C. § 1319(b)(2) because the events giving rise to Plaintiff's claims occurred here.

**FACTUAL BACKGROUND**

*Plaintiff's serious medical condition.*

11. At all times relevant to the complaint, Plaintiff was a resident of Division 8, 3 North ("Cermak"), CCDOC, which houses physically and mentally ill detainees.

12. Plaintiff suffers from a serious spinal cord condition called Brown-Séquard Syndrome, which has resulted in weakness and almost complete paralysis on the left side of his body, as well as a loss of sensation on the right side of his body.

13. At all times relevant, much of the left side of Plaintiff's body, including his left leg, was almost completely paralyzed, and unable to bear weight.

14. As a result of his spinal cord condition, Plaintiff was and is required to use a wheelchair.

15. All CCDOC officers and employees viewing or interacting with Plaintiff knew or should have known that he suffered from a serious and disabling medical condition.

*The September 26, 2014 Incident.*

16. On September 26, 2014, in or near the Cermak dayroom, Officer Bryant instructed another inmate to push Plaintiff's wheelchair into his cell.

17. Plaintiff stated that he was able to push his own wheelchair and did not need another inmate to help him. Plaintiff placed his right leg on the floor to try to stop the inmate from moving him.

18. Officer Bryant then forcefully pulled on Plaintiff's right leg, dragging him out of his wheelchair onto the floor.

19. Officer Bryant knew or should have known that dragging Plaintiff by his leg out of his wheelchair and onto the floor, despite his serious medical condition, would create a

substantial risk of pain and injury, in violation of Plaintiff's constitutional rights, but nevertheless, Officer Bryant willfully disregarded this risk.

20. As a result of Officer Bryant's actions, Plaintiff was subjected to pain and suffered injuries and was later transported to John H. Stroger, Jr. Hospital of Cook County for treatment.

21. In addition to emotional distress and humiliation, as a direct and proximate result of Officer Bryant's actions, Plaintiff suffered extreme pain in his lower back, which made it difficult for him to sit in his wheelchair for several days after the incident.

***The October 13, 2014 Incident.***

22. On October 13, 2014, Plaintiff had just finished eating a meal, and approached Officer Cusack's desk in the dayroom at Cermak with his food tray.

23. Plaintiff set his tray on Officer Cusack's desk because he was unable to hold it any longer as a result of his spinal cord condition.

24. Plaintiff told Officer Cusack he needed to go to his cell to retrieve his water jug.

25. Plaintiff's cell was locked, but the other inmates' cell doors were open.

26. Officer Cusack became angry and told Plaintiff that he was "sick of this [expletive]," and if he was going to go back to his cell he was going to "stay in."

27. Officer Cusack then began to forcefully push on Plaintiff's wheelchair.

28. Plaintiff then engaged the brake on his wheelchair. After he did so, Officer Cusack again forcefully pushed Plaintiff's wheelchair, and in the process, knocked Plaintiff out of his wheelchair onto the floor.

29. Plaintiff tried to grab onto a nearby cart to stabilize himself, but Officer Cusack pushed his hand away.

30. Officer Cusack and Officer Marella then dragged Plaintiff across the floor of the dayroom by both of his legs. They pushed Plaintiff's wheelchair into his cell, and then dragged Plaintiff into his cell and locked the door.

31. By dragging Plaintiff across the floor, Officers Cusack and Marella caused Plaintiff's pants to be partially pulled down.

32. Plaintiff was forced to lay on the floor of his cell for in this condition for approximately thirty minutes, calling for help.

33. Plaintiff's calls for help could be heard by Officer Cusack, Officer Marella, and other inmates in the dayroom.

34. Although Plaintiff was housed at Cermak, a medical facility, it took thirty minutes for a member of the medical staff, Osara, to respond.

35. Plaintiff was then transported to the emergency room at Cermak on a stretcher, and later, to John H. Stroger, Jr. Hospital, where he received a CT scan.

36. Officer Cusack knew or should have known that pushing forcefully on Plaintiff's wheelchair, despite his serious medical condition, would create a substantial risk of pain and injury, in violation of his constitutional rights.

37. Officers Cusack and Marella knew or should have known that dragging Plaintiff by his legs across the floor, despite his serious medical condition, would create a substantial risk of pain and injury, in violation of his constitutional rights.

38. Officers Cusack and Marella knew or should have known that leaving Plaintiff to suffer on the floor for thirty minutes without medical aid, despite his serious medical condition, would create a substantial risk of pain and injury, in violation of his constitutional rights.

39. Officers Cusack and Marella willfully disregarded these substantial risks.

40. As a direct and proximate result of the actions of Officers Cusack and Marella, Plaintiff suffered emotional distress and humiliation, as well as severe pain in his head, neck, and back.

***Plaintiff's Observations.***

41. Prior to the incidents alleged herein, Plaintiff had seen other CCDOC correctional officers being rough with inmates' wheelchairs and trying to push inmates without their consent.

42. These observations are consistent with a widespread custom or practice that permits correctional officers to forcefully push wheelchair-bound inmates without their consent or pull on their persons to maneuver them.

**COUNT I**
**Excessive Force**
**(against Officer Bryant)**
**42 U.S.C. § 1983**

43. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

44. The conduct of Officer Bryant on September 26, 2014, described in the paragraphs above, constituted excessive force in violation of Plaintiff's constitutional rights, including those under the Fourteenth Amendment.

45. Specifically, after instructing another inmate to push Plaintiff's wheelchair, Officer Bryant intentionally and maliciously pulled on Plaintiff's right leg, and dragged him out of his wheelchair onto the floor.

46. Officer Bryant's misconduct was objectively unreasonable and was undertaken with malice and willful indifference to Plaintiff's constitutional rights, and for the purpose of causing him harm.

47. Officer Bryant acted under color of law and pursuant to a widespread CCDOC custom or practice.

48. Officer Bryant knew or should have known that his act of pulling Plaintiff from his wheelchair constituted unlawful conduct in violation of Plaintiff's constitutional rights.

49. Officer Bryant did not pull on Plaintiff's leg or drag him out of his wheelchair as part of any good-faith effort to maintain order or restore discipline.

50. As a direct and proximate result of Officer Bryant's unjustified and excessive use of force, Plaintiff experienced injuries including extreme pain in his lower back, other pain and suffering, humiliation, as well as emotional distress.

## COUNT II
### Deliberate Indifference to Medical Needs
### (against Officer Bryant)
### 42 U.S.C. § 1983

51. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

52. The conduct of Officer Bryant on September 26, 2014, described in the paragraphs above, constituted willful indifference to Plaintiff's medical needs, in violation of Plaintiff's constitutional rights, including those under the Fourteenth Amendment.

53. Officer Bryant is and was aware that Plaintiff, who uses a wheelchair and is housed in Cermak, suffers from a serious medical condition.

54. Nevertheless, in willful disregard of that condition and the serious and obvious risk of further pain and injury, Officer Bryant pulled on Plaintiff's leg, dragging him out of his wheelchair.

55. Officer Bryant did so under color of law and pursuant to a widespread CCDOC custom or practice.

56. Officer Bryant knew or should have known that his act of pulling Plaintiff from his wheelchair constituted unlawful conduct in violation of Plaintiff's constitutional rights.

7

57. The harms that Officer Bryant caused to befall Plaintiff were unnecessary, wanton, and unjustifiable. The infliction of such injuries and harms served no legitimate state interest and did not reasonably advance any legitimate correctional goal.

58. As a direct and proximate result of Officer Bryant's objectively unreasonable conduct and deliberate indifference to Plaintiff's medical needs, Plaintiff experienced extreme pain in his lower back, other pain and suffering, humiliation, as well as emotional distress.

<u>**COUNT III**</u>
**Excessive Force**
**(against Officer Cusack and Officer Marella)**
**42 U.S.C. § 1983**

59. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

60. The conduct of Officer Cusack and Officer Marella on October 13, 2014, described in the paragraphs above, constituted excessive force in violation of Plaintiff's constitutional rights, including those under the Fourteenth Amendment.

61. Specifically, Officer Cusack, with intent and malice, forcefully pushed on Plaintiff's wheelchair and caused him to fall out of his wheelchair onto the floor.

62. Officer Cusack and Officer Marella, with intent and malice, dragged Plaintiff across the floor by his legs, including his injured leg, and left him on the floor of his cell.

63. The misconduct of Officers Cusack and Marella was objectively unreasonable and was undertaken with malice and willful indifference to Plaintiff's constitutional rights and for the purpose of causing him harm.

64. Officers Cusack and Marella acted under color of law and pursuant to a widespread CCDOC custom or practice.

65. Officer Cusack knew or should have known that forcefully pushing on Plaintiff's wheelchair and causing him to fall out constituted unlawful conduct in violation of Plaintiff's

constitutional rights.

66. Officer Cusack and Officer Marella knew or should have known that pulling Plaintiff across the floor by his legs constituted unlawful conduct in violation of Plaintiff's constitutional rights.

67. Officer Cusack and Officer Marella did not push Plaintiff out of his wheelchair or drag him across the dayroom by his legs as part of any good-faith effort to maintain order or restore discipline.

68. As a direct and proximate result of Officer Cusack's and Officer Marella's unjustified and excessive use of force, Plaintiff suffered injuries including extreme pain in his head, neck, and back, other pain and suffering, humiliation, as well as emotional distress.

## COUNT IV
### Deliberate Indifference to Medical Needs
### (against Officer Cusack and Officer Marella)
### 42 U.S.C. § 1983

69. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

70. The conduct of Officer Cusack and Officer Marella on October 13, 2014, described in the paragraphs above, constituted willful indifference to Plaintiff's medical needs, in violation of Plaintiff's constitutional rights, including those under the Fourteenth Amendment.

71. Officer Cusack and Officer Marella were aware that Plaintiff, who is a resident of Cermak that uses a wheelchair, suffers from a serious medical condition.

72. Nevertheless, in disregard of that condition, Officer Cusack forcefully pushed on Plaintiff's wheelchair, causing him to fall out onto the floor, and he and Officer Marella dragged Plaintiff into his cell by his legs, one of which was almost completely paralyzed.

73. After doing so, Officer Cusack and Officer Marella left Plaintiff laying on the floor of his cell knowing that he suffered from a serious medical condition, was experiencing

9

pain and suffering, and was in need of medical attention.

74. Though Plaintiff called for help repeatedly, and Officer Cusack and Officer Marella could hear him from the dayroom, Plaintiff's cries went unanswered for at least thirty minutes, as he lay on the floor in pain.

75. Officers Cusack and Marella acted under color of law and pursuant to a widespread CCDOC custom or practice.

76. Officers Cusack and Marella knew or should have known that pushing Plaintiff from his wheelchair, dragging him across the floor, and leaving him to suffer on the floor of his cell constituted unlawful conduct in violation of Plaintiff's constitutional rights.

77. The harms that Officers Cusack and Marella caused to befall Plaintiff were unnecessary, wanton, and unjustifiable. The infliction of such injuries and harms served no legitimate state interest and did not reasonably advance any legitimate correctional goal.

78. As a direct and proximate result of Officer Cusack's and Officer Marella's objectively unreasonable conduct and deliberate indifference to Plaintiff's medical needs, Plaintiff experienced extreme pain in his head, neck, and back, other pain and suffering, humiliation, as well as emotional distress.

## COUNT V
*Monell* Claim
(against Sheriff Dart)
42 U.S.C. § 1983

79. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

80. The conduct described above is part of a widespread custom and practice within CCDOC, which permits officers to forcefully push wheelchair-bound inmates without their consent or pull on their persons to maneuver them, often in disregard of their serious medical needs.

81. As in Plaintiff's case, these actions can cause inmates to fall out of their wheelchairs, resulting in injury, pain, and suffering.

82. In addition to his own experiences on September 26, 2014 and October 13, 2014, Plaintiff has seen other CCDOC correctional officers being rough with inmates' wheelchairs and trying to push inmates without their consent.

83. The widespread custom and practice of forcefully pushing inmates and pulling on their persons caused Officer Bryant, Officer Cusack, and Officer Marella to violate Plaintiff's constitutional rights.

84. As the official charged with oversight of CCDOC operations, including those relating to correctional officers' interactions with inmates, Sheriff Dart was aware of the risks of injury that this widespread custom and practice caused, but did nothing to protect Plaintiff or his fellow inmates.

85. As a result of this widespread custom and practice, and the resulting conduct of Officer Bryant, Officer Cusack, and Officer Marella, Plaintiff has experienced extreme pain, suffering, humiliation, as well as emotional distress.

## COUNT VI
**Indemnification**
**(against Cook County)**

86. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

87. Under Illinois law, 745 ILCS 10/9-102, Cook County must indemnify Sheriff Dart for "any tort judgment or settlement for compensatory damages" entered against him in his official capacity.

88. Because Plaintiff is suing Sheriff Dart in his official capacity, Count V is brought against Cook County for purposes of indemnification only.

11

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. Actual, compensatory, and punitive damages in an amount to be determined at trial;

B. Declaratory and injunctive relief precluding Defendants from further violating Plaintiff's constitutional rights;

C. Costs and attorneys' fees; and

D. Such other and further relief that this Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**MALIK SHABAZZ,**

Dated: May 13, 2016 By: s/ Rafey S. Balabanian
One of Plaintiff's Attorneys

Rafey S. Balabanian
rbalabanian@edelson.com
EDELSON PC
329 Bryant Street, Suite 2C
San Francisco, California 94107
Tel: 415.234.5342
Fax: 415.373.9435

Elizabeth Winkowski
ewinkowski@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60604
Tel: 312.589.6370
Fax: 312.589.6378

## **CERTIFICATE OF SERVICE**

  I, Rafey S. Balabanian, an attorney, hereby certify that on May 13, 2016, I served the above and foregoing to by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                s/ Rafey S. Balabanian