UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MALIK SHABAZZ, | ) | |
| | ) | |
| Plaintiff, | ) | 15 C 5694 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Amy J. St. Eve |
| SEAN CUSACK, JEFFREY BRYANT, and | ) | |
| MARK MARELLA, in their individual | ) | |
| capacities, SHERIFF TOM DART, in his | ) | |
| official capacity, and COOK COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, Officers Sean Cusack, Jeffery Bryant, Mark Marella ("Defendant Officers") and Sheriff Tom Dart ("Sheriff Dart"), by Anita Alvarez, State's Attorney of Cook County, through her assistant, Megan K. McGrath, submit this Answer, Affirmative Defenses, and Jury Demand to Plaintiff's Complaint:

## NATURE OF THE ACTION

1. This is a civil action under 42 U.S.C. § 1983 seeking damages and injunctive relief against Defendants for committing acts under color of state law during Plaintiff's confinement at CCDOC that violated Plaintiff's constitutional rights under the Fourteenth Amendment.

**Answer:** Defendants admit that this is an action brought under 42 U.S.C. §1983, and Defendants acted under color of state law at all relevant times to this Complaint. Defendants deny taking any action in violation of Plaintiff's rights, and that Plaintiff is otherwise entitled to the relief that he seeks.

## PARTIES

2. Plaintiff, a pretrial detainee currently residing within CCDOC, is a natural person and citizen of the State of Illinois.

**Answer**: Defendants admit, on information and belief, the allegations contained in this paragraph.

3. Officer Cusack is employed as a corrections officer at CCDOC, and at all times relevant, was acting under color of state law. He is being sued in his individual capacity.

**Answer**: Defendants admit the allegations contained in this paragraph.

4. Officer Bryant is employed as a corrections officer at CCDOC, and at all times relevant was acting under color of state law. He is being sued in his individual capacity.

**Answer**: Defendants admit the allegations contained in this paragraph.

5. Officer Marella is employed as a corrections officer at CCDOC, and at all times relevant was acting under color of state law. He is being sued in his individual capacity.

**Answer**: Defendants admit the allegations contained in this paragraph.

6. Sheriff Dart is the Sheriff of Cook County and is sued in his official capacity. Sheriff Dart oversees the operations of CCDOC, including those relating to correctional officers' interactions with inmates, and has final policymaking authority over CCDOC.

**Answer**: Defendants admit Sheriff Dart is and was the Cook County Sheriff and that he is being sued in his official capacity. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph

7. Cook County is a municipal corporation, duly incorporated under the laws of the State of Illinois.

**Answer**: Defendants admit the allegations contained in this paragraph.

## JURISDICTION AND VENUE

8. Because this action arises under the United States Constitution and 42 U.S.C. 1983, this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state-law claim for indemnification pursuant to 28 U.S.C. § 1367 because it is so related to the claims within the Court's original jurisdiction that it forms part of the same case or controversy.

**Answer**: Defendants admit that this action is brought under 42 U.S.C. 1983 and that this Court has jurisdiction for the federal and state law claims made herein. Defendants deny the remaining allegations contained in this paragraph.

9. This Court has personal jurisdiction over Defendants because they are employed and work in Illinois, or are residents of Illinois, and the wrongful actions complained of herein occurred in Illinois.

**Answer**: Defendants admit that this Court has jurisdiction for the federal and state law claims made herein. Defendants deny the remaining allegations contained in this paragraph.

10. This Court is an appropriate venue pursuant to 28 U.S.C. § 1319(b)(2) because the events giving rise to Plaintiff's claims occurred here.

**Answer**: Defendants admit this Court is an appropriate venue. Defendants deny the remaining allegations contained in this paragraph.

## FACTUAL BACKGROUND

*Plaintiff's serious medical condition.*

11. At all times relevant to the complaint, Plaintiff was a resident of Division 8, 3 North ("Cermak"), CCDOC, which houses physically and mentally ill detainees.

**Answer**: Defendants, on information and belief, admit Plaintiff was a resident of Division 8, 3 North ("Cermak") of the Cook County Jail at all times relevant to the complaint. Defendants lack knowledge and information sufficient to admit or deny the remaining allegations contained in this paragraph.

12. Plaintiff suffers from a serious spinal cord condition called Brown-Séquard Syndrome, which has resulted in weakness and almost complete paralysis on the left side of his body, as well as a loss of sensation on the right side of his body.

**Answer**: Defendants admit Plaintiff is paralyzed on the left side of his body, but lack knowledge and information sufficient to admit or deny the extent or cause of Plaintiff's paralysis. Defendants lack knowledge and information sufficient to admit or deny the remaining allegations contained in this paragraph.

13. At all times relevant, much of the left side of Plaintiff's body, including his left leg, was almost completely paralyzed, and unable to bear weight.

**Answer**: Defendants lack knowledge and information sufficient to admit or deny the allegations contained in this paragraph.

14. As a result of his spinal cord condition, Plaintiff was and is required to use a wheelchair.

**Answer**: Defendant Officers admit Plaintiff used a wheelchair during the interactions described in Plaintiff's Complaint. Defendants lack knowledge and information sufficient to admit or deny the remaining allegations contained in this paragraph.

15. All CCDOC officers and employees viewing or interacting with Plaintiff knew or should have known that he suffered from a serious and disabling medical condition.

**Answer**: Defendants lack knowledge and information sufficient to admit or deny the allegations contained in this paragraph.

***The September 26, 2014 Incident.***

16. On September 26, 2014, in or near the Cermak dayroom, Officer Bryant instructed another inmate to push Plaintiff's wheelchair into his cell.

**Answer**: Defendants deny the allegations contained in this paragraph.

17. Plaintiff stated that he was able to push his own wheelchair and did not need another inmate to help him. Plaintiff placed his right leg on the floor to try to stop the inmate from moving him.

**Answer**: Defendants deny the allegations contained in this paragraph.

18. Officer Bryant then forcefully pulled on Plaintiff's right leg, dragging him out of his wheelchair onto the floor.

**Answer**: Defendants deny the allegations contained in this paragraph.

19. Officer Bryant knew or should have known that dragging Plaintiff by his leg out of his wheelchair and onto the floor, despite his serious medical condition, would create a substantial risk of pain and injury, in violation of Plaintiff's constitutional rights, but nevertheless, Officer Bryant willfully disregarded this risk.

**Answer**: Defendants deny the allegations contained in this paragraph.

20. As a result of Officer Bryant's actions, Plaintiff was subjected to pain and suffered injuries and was later transported to John H. Stroger, Jr. Hospital of Cook County for treatment.

**Answer**: Defendants admit, on information and belief, Plaintiff was transported to Stroger Hospital. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

21. In addition to emotional distress and humiliation, as a direct and proximate result of Officer Bryant's actions, Plaintiff suffered extreme pain in his lower back, which made it difficult for him to sit in his wheelchair for several days after the incident.

**Answer**: Defendants lack knowledge and information sufficient to admit or deny the allegations concerning Plaintiff's description of his physical condition, and deny the remaining allegations contained in this paragraph.

*The October 13, 2014 Incident.*

22. On October 13, 2014, Plaintiff had just finished eating a meal, and approached Officer Cusack's desk in the dayroom at Cermak with his food tray.

**Answer**: Defendant Officer Cusack admits Plaintiff approached him while Officer Cusack was at the officers' desk on October 13, 2014. Defendants lack knowledge and information sufficient to admit or deny the remaining allegations contained in this paragraph.

23. Plaintiff set his tray on Officer Cusack's desk because he was unable to hold it any longer as a result of his spinal cord condition.

**Answer**: Defendant Officer Cusack admits Plaintiff put his try on the officers' desk. Defendants lack knowledge and information sufficient to admit or deny the remaining allegations contained in this paragraph.

24. Plaintiff told Officer Cusack he needed to go to his cell to retrieve his water jug.

**Answer**: Defendant Officer Cusack denies that Plaintiff asked him to open his room door for the purpose of getting his water jug.

25. Plaintiff's cell was locked, but the other inmates' cell doors were open.

**Answer**: Defendants lack knowledge and information sufficient to admit or deny the allegations contained in this paragraph.

26. Officer Cusack became angry and told Plaintiff that he was "sick of this [expletive]," and if he was going to go back to his cell he was going to "stay in."

**Answer**: Defendant Officer Cusack denies the allegations contained in this paragraph.

27. Officer Cusack then began to forcefully push on Plaintiff's wheelchair.

**Answer**: Defendant Officer Cusack denies the allegations contained in this paragraph.

28. Plaintiff then engaged the brake on his wheelchair. After he did so, Officer Cusack again forcefully pushed Plaintiff's wheelchair, and in the process, knocked Plaintiff out of his wheelchair onto the floor.

**Answer**: Defendant Officer Cusack admits Plaintiff fell from his wheelchair after he was allowed to return to his cell by his own power during the evening October 13, 2014. Defendants lack knowledge and information sufficient to admit or deny the allegations regarding whether Plaintiff engaged the brake on his wheelchair. Defendant Officer Cusack denies the remaining allegations contained in this paragraph.

29. Plaintiff tried to grab onto a nearby cart to stabilize himself, but Officer Cusack pushed his hand away.

**Answer**: Defendant Officer Cusack denies the allegations contained in this paragraph.

30. Officer Cusack and Officer Marella then dragged Plaintiff across the floor of the

dayroom by both of his legs. They pushed Plaintiff's wheelchair into his cell, and then dragged Plaintiff into his cell and locked the door.

**Answer**: Defendants Officer Cusack and Officer Marella deny the allegations contained in this paragraph.

31. By dragging Plaintiff across the floor, Officers Cusack and Marella caused Plaintiff's pants to be partially pulled down.

**Answer**: Defendants Officer Cusack and Officer Marella deny the allegations contained in this paragraph.

32. Plaintiff was forced to lay on the floor of his cell for in this condition for approximately thirty minutes, calling for help.

**Answer**: Defendant Officer Cusack admits Plaintiff was yelling while in his cell during the evening of October 13, 2014, and some of that yelling was for help. Defendants lack knowledge and information sufficient to admit or deny the remaining allegations contained in this paragraph.

33. Plaintiff's calls for help could be heard by Officer Cusack, Officer Marella, and other inmates in the dayroom.

**Answer**: Defendants Officer Cusack and Officer Marella admit they could hear Plaintiff yelling. Defendants lack knowledge and information sufficient to admit or deny the remaining allegations contained in this paragraph.

34. Although Plaintiff was housed at Cermak, a medical facility, it took thirty minutes for a member of the medical staff, Osara, to respond.

**Answer**: Defendants admit Plaintiff was housed at Cermak, and lack knowledge and information sufficient to admit or deny the remaining allegations contained in this paragraph.

35. Plaintiff was then transported to the emergency room at Cermak on a stretcher, and later, to John H. Stroger, Jr. Hospital, where he received a CT scan.

**Answer**: Defendant Officer Cusack admits that Plaintiff was taken, at his own request, to Urgent Care during the evening of October 13, 2014. Defendants lack knowledge and information sufficient to admit or deny the remaining allegations contained in this paragraph.

36. Officer Cusack knew or should have known that pushing forcefully on Plaintiff's wheelchair, despite his serious medical condition, would create a substantial risk of pain and injury, in violation of his constitutional rights.

**Answer**: Defendants deny the allegations contained in this paragraph.

37. Officers Cusack and Marella knew or should have known that dragging Plaintiff by his legs across the floor, despite his serious medical condition, would create a substantial risk of pain and injury, in violation of his constitutional rights.

**Answer**: Defendants deny the allegations contained in this paragraph.

38. Officers Cusack and Marella knew or should have known that leaving Plaintiff to suffer on the floor for thirty minutes without medical aid, despite his serious medical condition, would create a substantial risk of pain and injury, in violation of his constitutional rights.

**Answer**: Defendants deny the allegations contained in this paragraph.

39. Officers Cusack and Marella willfully disregarded these substantial risks.

**Answer**: Defendants deny the allegations contained in this paragraph.

40. As a direct and proximate result of the actions of Officers Cusack and Marella, Plaintiff suffered emotional distress and humiliation, as well as severe pain in his head, neck, and back.

**Answer**: Defendants deny the allegations contained in this paragraph.

*Plaintiff's Observations.*

41. Prior to the incidents alleged herein, Plaintiff had seen other CCDOC correctional officers being rough with inmates' wheelchairs and trying to push inmates without their consent.

**Answer**: Defendants deny the allegations contained in this paragraph.

42. These observations are consistent with a widespread custom or practice that permits correctional officers to forcefully push wheelchair-bound inmates without their consent or pull on their persons to maneuver them.

**Answer**: Defendants deny the allegations contained in this paragraph.

**COUNT I**
**Excessive Force**
**(against Officer Bryant)**
**42 U.S.C. § 1983**

43. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

**Answer**: Defendants incorporate their responses to the previous paragraphs of this Complaint.

44. The conduct of Officer Bryant on September 26, 2014, described in the paragraphs above, constituted excessive force in violation of Plaintiff's constitutional rights, including those under the Fourteenth Amendment.

**Answer**: Defendants deny the allegations contained in this paragraph.

45. Specifically, after instructing another inmate to push Plaintiff's wheelchair, Officer Bryant intentionally and maliciously pulled on Plaintiff's right leg, and dragged him out of his wheelchair onto the floor.

**Answer**: Defendants deny the allegations contained in this paragraph.

46. Officer Bryant's misconduct was objectively unreasonable and was undertaken with malice and willful indifference to Plaintiff's constitutional rights, and for the purpose of

causing him harm.

**Answer**: Defendants deny the allegations contained in this paragraph.

47. Officer Bryant acted under color of law and pursuant to a widespread CCDOC custom or practice.

**Answer**: Defendants admit Officer Bryant was acting under color of law at all times relevant to this Complaint, and deny the remaining allegations contained in this paragraph.

48. Officer Bryant knew or should have known that his act of pulling Plaintiff from his wheelchair constituted unlawful conduct in violation of Plaintiff's constitutional rights.

**Answer**: Defendants deny the allegations contained in this paragraph.

49. Officer Bryant did not pull on Plaintiff's leg or drag him out of his wheelchair as part of any good-faith effort to maintain order or restore discipline.

**Answer**: Officer Bryant admits he did not pull on Plaintiff's leg or drag him out of his wheelchair. Defendants deny the remaining allegations contained in this paragraph.

50. As a direct and proximate result of Officer Bryant's unjustified and excessive use of force, Plaintiff experienced injuries including extreme pain in his lower back, other pain and suffering, humiliation, as well as emotional distress.

**Answer**: Defendants deny the allegations contained in this paragraph.

## COUNT II
### Deliberate Indifference to Medical Needs
### (against Officer Bryant)
### 42 U.S.C. § 1983

51. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

**Answer**: Defendants incorporate their responses to the previous paragraphs of this Complaint.

52. The conduct of Officer Bryant on September 26, 2014, described in the

11

paragraphs above, constituted willful indifference to Plaintiff's medical needs, in violation of Plaintiff's constitutional rights, including those under the Fourteenth Amendment.

**Answer**: Defendants deny the allegations contained in this paragraph.

53. Officer Bryant is and was aware that Plaintiff, who uses a wheelchair and is housed in Cermak, suffers from a serious medical condition.

**Answer**: Defendants admit Officer Bryant was aware Plaintiff was housed in Cermak and regularly used a wheelchair. Defendants lack knowledge and information sufficient to admit or deny the remaining allegations contained in this paragraph.

54. Nevertheless, in willful disregard of that condition and the serious and obvious risk of further pain and injury, Officer Bryant pulled on Plaintiff's leg, dragging him out of his wheelchair.

**Answer**: Defendants deny the allegations contained in this paragraph.

55. Officer Bryant did so under color of law and pursuant to a widespread CCDOC custom or practice.

**Answer**: Defendants admit Officer Bryant was acting under color of law at all times relevant to this Complaint, and deny the remaining allegations contained in this paragraph.

56. Officer Bryant knew or should have known that his act of pulling Plaintiff from his wheelchair constituted unlawful conduct in violation of Plaintiff's constitutional rights.

**Answer**: Defendants deny the allegations contained in this paragraph.

57. The harms that Officer Bryant caused to befall Plaintiff were unnecessary, wanton, and unjustifiable. The infliction of such injuries and harms served no legitimate state interest and did not reasonably advance any legitimate correctional goal.

**Answer**: Defendants deny the allegations contained in this paragraph.

58. As a direct and proximate result of Officer Bryant's objectively unreasonable conduct and deliberate indifference to Plaintiff's medical needs, Plaintiff experienced extreme pain in his lower back, other pain and suffering, humiliation, as well as emotional distress.

**Answer**: Defendants deny the allegations contained in this paragraph.

**COUNT III**
**Excessive Force**
**(against Officer Cusack and Officer Marella)**
**42 U.S.C. § 1983**

59. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

**Answer**: Defendants incorporate their responses to the previous paragraphs of this Complaint.

60. The conduct of Officer Cusack and Officer Marella on October 13, 2014, described in the paragraphs above, constituted excessive force in violation of Plaintiff's constitutional rights, including those under the Fourteenth Amendment.

**Answer**: Defendants deny the allegations contained in this paragraph.

61. Specifically, Officer Cusack, with intent and malice, forcefully pushed on Plaintiff's wheelchair and caused him to fall out of his wheelchair onto the floor.

**Answer**: Defendants deny the allegations contained in this paragraph.

62. Officer Cusack and Officer Marella, with intent and malice, dragged Plaintiff across the floor by his legs, including his injured leg, and left him on the floor of his cell.

**Answer**: Defendants deny the allegations contained in this paragraph.

63. The misconduct of Officers Cusack and Marella was objectively unreasonable and was undertaken with malice and willful indifference to Plaintiff's constitutional rights and for the purpose of causing him harm.

**Answer**: Defendants deny the allegations contained in this paragraph.

64. Officers Cusack and Marella acted under color of law and pursuant to a widespread CCDOC custom or practice.

**Answer**: Defendants admit Officers Cusack and Marella were acting under color of law at all times relevant to this Complaint, and deny the remaining allegations contained in this paragraph.

65. Officer Cusack knew or should have known that forcefully pushing on Plaintiff's wheelchair and causing him to fall out constituted unlawful conduct in violation of Plaintiff's constitutional rights.

**Answer**: Defendants deny the allegations contained in this paragraph.

66. Officer Cusack and Officer Marella knew or should have known that pulling Plaintiff across the floor by his legs constituted unlawful conduct in violation of Plaintiff's constitutional rights.

**Answer**: Defendants deny the allegations contained in this paragraph.

67. Officer Cusack and Officer Marella did not push Plaintiff out of his wheelchair or drag him across the dayroom by his legs as part of any good-faith effort to maintain order or restore discipline.

**Answer**: Officers Cusack and Marella admit they did not push Plaintiff out of his wheelchair or drag him across the dayroom by his legs. Defendants deny the remaining allegations contained in this paragraph.

68. As a direct and proximate result of Officer Cusack's and Officer Marella's unjustified and excessive use of force, Plaintiff suffered injuries including extreme pain in his head, neck, and back, other pain and suffering, humiliation, as well as emotional distress.

**Answer**: Defendants deny the allegations contained in this paragraph.

## COUNT IV
### Deliberate Indifference to Medical Needs
### (against Officer Cusack and Officer Marella)
### 42 U.S.C. § 1983

69. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

**Answer**: Defendants incorporate their responses to the previous paragraphs of this Complaint.

70. The conduct of Officer Cusack and Officer Marella on October 13, 2014, described in the paragraphs above, constituted willful indifference to Plaintiff's medical needs, in violation of Plaintiff's constitutional rights, including those under the Fourteenth Amendment.

**Answer**: Defendants deny the allegations contained in this paragraph.

71. Officer Cusack and Officer Marella were aware that Plaintiff, who is a resident of Cermak that uses a wheelchair, suffers from a serious medical condition.

**Answer**: Defendants admit Officer Cusack and Marella were aware Plaintiff was housed in Cermak and regularly used a wheelchair. Defendants lack knowledge and information sufficient to admit or deny the remaining allegations contained in this paragraph.

72. Nevertheless, in disregard of that condition, Officer Cusack forcefully pushed on Plaintiff's wheelchair, causing him to fall out onto the floor, and he and Officer Marella dragged Plaintiff into his cell by his legs, one of which was almost completely paralyzed.

**Answer**: Defendants lack knowledge and information sufficient to admit or deny whether one of Plaintiff's legs is completely paralyzed. Defendants deny the remaining allegations contained in this paragraph.

73. After doing so, Officer Cusack and Officer Marella left Plaintiff laying on the floor of his cell knowing that he suffered from a serious medical condition, was experiencing pain and suffering, and was in need of medical attention.

**Answer**:   Defendants deny the allegations contained in this paragraph.

74. Though Plaintiff called for help repeatedly, and Officer Cusack and Officer Marella could hear him from the dayroom, Plaintiff's cries went unanswered for at least thirty minutes, as he lay on the floor in pain.

**Answer**:   Defendants deny the allegations contained in this paragraph.

75. Officers Cusack and Marella acted under color of law and pursuant to a widespread CCDOC custom or practice.

**Answer**:   Defendants admit Officers Cusack and Marella were acting under color of law at all times relevant to this Complaint, and deny the remaining allegations contained in this paragraph.

76. Officers Cusack and Marella knew or should have known that pushing Plaintiff from his wheelchair, dragging him across the floor, and leaving him to suffer on the floor of his cell constituted unlawful conduct in violation of Plaintiff's constitutional rights.

**Answer**:   Defendants deny the allegations contained in this paragraph.

77. The harms that Officers Cusack and Marella caused to befall Plaintiff were unnecessary, wanton, and unjustifiable. The infliction of such injuries and harms served no legitimate state interest and did not reasonably advance any legitimate correctional goal.

**Answer**:   Defendants deny the allegations contained in this paragraph.

78. As a direct and proximate result of Officer Cusack's and Officer Marella's objectively unreasonable conduct and deliberate indifference to Plaintiff's medical needs, Plaintiff experienced extreme pain in his head, neck, and back, other pain and suffering, humiliation, as well as emotional distress.

**Answer**:   Defendants deny the allegations contained in this paragraph.

# COUNT V
## *Monell* Claim
### (against Sheriff Dart)
### 42 U.S.C. § 1983

79. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**Answer**: Defendants incorporate their responses to the previous paragraphs of this Complaint.

80. The conduct described above is part of a widespread custom and practice within CCDOC, which permits officers to forcefully push wheelchair-bound inmates without their consent or pull on their persons to maneuver them, often in disregard of their serious medical needs.

**Answer**: Defendants deny the allegations contained in this paragraph.

81. As in Plaintiff's case, these actions can cause inmates to fall out of their wheelchairs, resulting in injury, pain, and suffering.

**Answer**: Defendants deny the allegations contained in this paragraph.

82. In addition to his own experiences on September 26, 2014 and October 13, 2014, Plaintiff has seen other CCDOC correctional officers being rough with inmates' wheelchairs and trying to push inmates without their consent.

**Answer**: Defendants deny the allegations contained in this paragraph.

83. The widespread custom and practice of forcefully pushing inmates and pulling on their persons caused Officer Bryant, Officer Cusack, and Officer Marella to violate Plaintiff's constitutional rights.

**Answer**: Defendants deny the allegations contained in this paragraph.

84. As the official charged with oversight of CCDOC operations, including those relating to correctional officers' interactions with inmates, Sheriff Dart was aware of the risks of

injury that this widespread custom and practice caused, but did nothing to protect Plaintiff or his fellow inmates.

**Answer**: Defendants deny the allegations contained in this paragraph.

85. As a result of this widespread custom and practice, and the resulting conduct of Officer Bryant, Officer Cusack, and Officer Marella, Plaintiff has experienced extreme pain, suffering, humiliation, as well as emotional distress.

**Answer**: Defendants deny the allegations contained in this paragraph.

## COUNT VI
## Indemnification
## (against Cook County)

86. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**Answer**: Defendants incorporate their responses to the previous paragraphs of this Complaint.

87. Under Illinois law, 745 ILCS 10/9-102, Cook County must indemnify Sheriff Dart for "any tort judgment or settlement for compensatory damages" entered against him in his official capacity.

**Answer**: Defendants admit the allegations contained in this paragraph.

88. Because Plaintiff is suing Sheriff Dart in his official capacity, Count V is brought against Cook County for purposes of indemnification only.

**Answer**: Defendants admit the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

Defendants offer the following affirmative defenses to Plaintiffs' allegations:

1. The Defendant Officers' conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, they are entitled to the defense of Qualified Immunity.

2. The Defendant Officers did not possess knowledge of a specific risk of imminent harm to Plaintiff or a substantial risk of imminent harm to Plaintiff, and thus did not act with deliberate indifference to Plaintiff's well-being.

3. To the extent it is revealed that Plaintiff failed to take reasonable measures to mitigate his alleged injuries and damages, those facts shall be presented to preclude recovery for Plaintiff.

4. To the extent Plaintiff, through his own negligence or intentional acts, caused or contributed to his own perceived injury, the Defendant Officers are entitled to a reduction of any damages recovered by Plaintiff to the extent of Plaintiff's own contributory fault through negligence, and intentional and/or willful and wanton conduct. If, however, said contributory negligence and intentional and/or willful and wanton conduct is in excess of fifty percent, then judgment shall be in favor of the Defendant Officers.

5. Plaintiff was at all relevant times and the date of filing, a pretrial detainee and the Prison Litigation Reform Act ("PLRA") applies to this case. The PLRA provides that "no action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages. Plaintiff has failed to exhaust his administrative remedies as required by the PLRA and thus his claims are barred. See *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

6. Defendants reserve the right to name affirmative defenses as they become known through further discovery or otherwise in this action.

## JURY DEMAND

Defendants Officers respectfully request a trial by jury.

WHEREFORE, based on the foregoing, Defendants deny Plaintiff is entitled to any relief, including but not limited to damages, costs, or attorneys' fees. Defendants pray that this Honorable Court grant judgment in their favor and against Plaintiff on all aspects of his Complaint, and further request that this Honorable Court grant judgment of Defendants' fees, costs, and such other relief that this Court deems just and appropriate.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By: /s/ *Megan K. McGrath*
Megan K. McGrath
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-5967